**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON ESTUARDO MALDONADO VALIENTE,<br><br>              Petitioner,<br><br>       v.<br><br>WARDEN ADELANTO DETENTION FACILITY, <u>et</u> <u>al.</u>,<br><br>              Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. ED CV 26-1604 FMO (DSR)

**ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS**

Having reviewed and considered all the briefing filed with respect to Jason Estuardo Maldonado Valiente's ("petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1, "Petition"), and in light of respondents' lack of opposition to the Petition,[1] (<u>see</u> Dkt. 7, Answer at 2) ("The Respondents are not presenting an opposition argument to the request for a bond hearing at this time."), IT IS ORDERED THAT:

1. The reference to the Magistrate Judge is hereby withdrawn.

---

[1] While respondents cabin their non-opposition to a bond hearing, they offer no argument for denying petitioner's release. (<u>See</u>, <u>generally</u>, Dkt. 7, Answer).  The court construes this as a concession. <u>See</u>, <u>e.g.</u>, <u>GN Resound A/S v. Callpod, Inc.</u>, 2013 WL 1190651, *5 (N.D. Cal. 2013) (construing a party's failure to oppose an issue as a concession to the opposing party's argument); <u>Pamela S. v. Bisignano</u>, 2025 WL 2399145, *4 (E.D. Wash. 2025) ("If a party fails to counter an argument that the opposing party makes, the Court may treat that argument as conceded.").

2. Petitioner's Petition for Writ of Habeas Corpus **(Document No. 1)** is **granted** as set forth in this Order.

3. Respondents shall release petitioner forthwith with all personal effects seized from petitioner, including all identification documents and immigration documentation. Respondents shall not impose any release restrictions (e.g., electronic monitoring) on petitioner that were not in place prior to petitioner's arrest or detention in this case unless deemed necessary at a future pre-deprivation bond hearing.

4. Respondents shall file with the court a Notice of Compliance within twenty-four (24) hours of releasing petitioner.

5. Respondents shall not re-detain petitioner without providing petitioner with, at minimum, individualized notice describing the change in circumstances necessitating his arrest and/or detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner shall not be detained unless respondents demonstrate at a pre-deprivation hearing that petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community. If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

6. Judgment shall be entered accordingly.

Dated this 29th day of April, 2026.

/s/
Fernando M. Olguin
United States District Judge

2